IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY LEE McCALL,

             Plaintiff,

                          CIVIL ACTION
    vs.                         No. 05-3374-SAC

LOUIS E. BRUCE, et al.,


             Defendants.


ORDER


    This matter is a civil rights action filed pursuant to 42 U.S.C. 1983 filed by a prisoner in state custody.  By an order entered on September 27, 2005 (Doc. 4), the court directed plaintiff to document his use of the administrative remedy procedure.  Plaintiff filed a timely response (Doc. 5).

    The Prison Litigation Reform Act of 1996 established that "[n]o action shall be brought with respect to prison condi- tions under ... any ... Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 524- 25 (2002).

The materials submitted by plaintiff do not show that he completed the full administrative remedy procedure by presenting his claims to the Secretary of Corrections following his receipt of a response by the Warden. See K.A.R. 44-15-101 - 44-15-106 (outlining administrative remedy procedure for state prisoners). The materials show plaintiff submitted an emergency grievance to the Secretary in early September 2005 (Doc. 5, p. 2). That grievance, however, was rejected as an emergency matter and was forwarded to the Warden for processing in the ordinary course. Id. Although plaintiff has submitted a copy of a letter to him from Warden L.E. Bruce dated May 26, 2005 (Doc. 5, p. 8),[1] there is no material presented to show what response, if any, plaintiff received following the September grievance or whether he pursued an appeal from that grievance to the Secretary.

Having examined the record, the court finds plaintiff has not demonstrated his full use of the administrative remedy procedure and concludes this matter must be dismissed without

---

[1] Warden Bruce advised plaintiff of the relevant regulations concerning supplies available to indigent prisoners and advised him to submit withdrawal slips for postage through the Shakedown Department.

2

prejudice to allow him to do so.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice due to plaintiff's failure to demonstrate his use of the administrative remedy procedure.

IT IS FURTHER ORDERED plaintiff's motions for leave to proceed in forma pauperis (Doc. 2) and for waiver of the copy requirement (Doc. 3) are denied as moot.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 4th day of October, 2005.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge